SUTTON v. BAYLES.

(Supreme Court, Appellate Term. December 22, 1911.)

1. APPEAL AND ERROR (§ 127*)—ORDERS APPEALABLE.

An appeal does not lie, ordinarily, from a default judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–891; Dec. Dig. § 127.*]

2. APPEAL AND ERROR (§ 161*)—ORDERS APPEALABLE—ACCEPTANCE OF BENEFITS.

Where a defendant has accepted the benefits of an order and has consented to its entry, an appeal therefrom by him will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 979–994; Dec. Dig. § 161.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by McWalter B. Sutton against Chester A. Bayles. From a judgment for plaintiff, rendered in the Municipal Court, and from orders, defendant appeals. Dismissed.

See, also, 70 Misc. Rep. 522, 127 N. Y. Supp. 432.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Abraham C. Cohen, for appellant.

Max Brown, for respondent.

PER CURIAM. The defendant, by appeal from a judgment, seeks a review of an intermediate order opening the plaintiff's default. It appears from the return that the judgment was given after an inquest; the defendant not being ready.

[1, 2] An appeal, ordinarily, does not lie from a judgment where the appellant is in default. Moreover, the testimony adduced at the trial is to the effect that the defendant has accepted the benefit of the order and consented to its entry. He is, therefore, not in a position to attack its validity.

Appeal must be dismissed, with $10 costs and disbursements to respondent.